# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

DAMILOLA OBEMBE,

              Plaintiff,

           v.

TATA CONSULTANCY SERVICES, LTD.,
IDC TECHNOLOGIES, INC.,

              Defendants.

Case No. 2:25-cv-01027 (BRM) (JRA)

**MEMORANDUM AND ORDER**

      **THIS MATTER** is before the Court on Plaintiff Damilola Obembe's ("Plaintiff") Motion for Default Judgment against Defendant IDC Technologies, Inc. ("IDC") pursuant to Fed. R. Civ. P. 55(b)(2). (ECF No. 20 (the "Motion").) The underlying Complaint was filed on February 5, 2025, against Tata Consultancy Services, Ltd. ("TCS")[1] and IDC for damages and equitable relief for employment discrimination and conspiracy. (ECF No. 1.) Plaintiff alleged three causes of action against both IDC and TCS: disparate treatment under 42 U.S.C. § 2000e-2 ("Count One"), disparate treatment under 42 U.S.C. § 1981 ("Count Two"), and conspiracy under 42 U.S.C. § 1985(3) ("Count Three"). (*Id.*) On August 20, 2025, the Court denied the Motion because it found the Complaint did not sufficiently allege the Court had personal jurisdiction over IDC, a third-party vendor with whom TCS contracted to source candidates for employment, and it ordered Plaintiff to show cause why her claims against IDC should not be dismissed on that basis. (ECF Nos. 33, 34.)

---

[1] TCS appeared and filed an Answer on April 28, 2025. (ECF No. 16.)

On September 2, 2025, Plaintiff responded to the order to show cause, pointing to a case in this District that it argues demonstrates a "defendant's contract with a third party can provide a basis for specific jurisdiction." (ECF No. 35 at 4.) In that case, *National Indemnity Co. v. Companhia Siderurgica Nacional S.A.*, Civ. A. No. 15-752, 2016 U.S. Dist. LEXIS 14873, 2016 WL 520952 (D.N.J. Feb. 8, 2016), Plaintiff contends the court determined the defendant, a Brazil-based company, had sufficient contacts to demonstrate purposeful availment of the New Jersey forum through its "'multi-year contract for the provision of consulting services' with [a] New Jersey reinsurance broker" and related correspondence. (*Id.* at 2 (quoting *Nat'l Indem.*, 2016 U.S. Dist. LEXIS 14873 at *19–21).) Plaintiff also argues that court found the plaintiff's "claims for declaratory relief" were "sufficiently related" to the contacts "because the Brazilian corporation's agreement with the New Jersey reinsurance broker ultimately allowed it to secure the contract with the plaintiff," and the defendant Brazilian corporation "transmitted money to effectuate the contract with the plaintiff to the plaintiff via the reinsurance broker, which was located in New Jersey." (*Id.* at 3–4.) Plaintiff attaches a declaration from counsel stating, based on his personal knowledge, that "TCS and IDC entered into a consulting agreement that required TCS to provide IDC with payment under certain circumstances, and to effectuate the payment process, IDC was required to send TCS invoices." (ECF No. 35-1 ¶ 3.)

As the Court noted in its prior Opinion, Plaintiff pled that IDC contracted with TCS, whose national headquarters is in New Jersey, to recruit and refer candidates to TCS. (ECF No. 33 at 2.) In light of Plaintiff's citation to more appropriate authority regarding the use of contractual relationships to demonstrate specific personal jurisdiction, *see Nat'l Indem.*, 2016 WL 520952, at *5–12, Plaintiff's counsel's declaration of additional facts about the contractual relationship between IDC and TCS, and the permissive *prima facie* showing of personal jurisdiction allowed

at default judgment, *see Gen. Nutrition Inv. Co. v. Laurel Season, Inc.*, Civ. A. No. 20-691, 2020 WL 5077465, at *2 (W.D. Pa. Aug. 26, 2020), the Court finds Plaintiff has demonstrated personal jurisdiction exists, and the Court may proceed to evaluate the Motion on the merits.

However, proceeding further with the Motion revives the Opposition to Default Judgment TCS filed on May 29, 2025 (ECF No. 24), which the Court noted in its prior Opinion but did not reach because of the personal jurisdiction issue (ECF No. 33 at 3 n.2). TCS argues that the Third Circuit strongly disfavors granting default judgment against one defendant in a multi-defendant litigation before a resolution on the merits is reached as to the non-defaulting defendants. (ECF No. 24 at 2–3.) TCS contends this "preferred practice" applies "in situations where the defaulting and non-defaulting defendants are similarly situated—that is, the Plaintiff's allegations and legal claims against each are the same—or joint liability is alleged." (*Id.* at 3.) Because Plaintiff "alleges the exact same causes of action and factual allegations against both IDC and TCS, including a civil conspiracy claim implicating joint liability," TCS asserts the Court should deny the default judgment motion until litigation against it has been resolved. (*Id.* at 4.)

In response, Plaintiff argues default judgment against IDC is proper because it "will not impact the liability of TCS," although she acknowledges default judgment on her Civil Rights Act of 1866 conspiracy claim, 42 U.S.C. § 1985(3), could lead to inconsistent results and abandons her request for default judgment on that cause of action. (ECF No. 25 at 1.) Plaintiff characterizes the Third Circuit's practice as disfavoring default judgment when it would create "*inconsistent and unsupportable results*," not just based on the causes of action and facts alone. (*Id.* (citing *W. Am. Ins. Co. v. Boyarski*, Civ. A. No. 11-2139, 2012 U.S. Dist. LEXIS 144454, at *4 (W.D. Pa. Oct. 5, 2012); *B.G. v. Stone*, Civ. A. No. 19-15476, 2020 U.S. Dist. LEXIS 119990, at *5 (D.N.J. July 9, 2020); *Drayage Express, LLC v. Int'l First Serv. USA*, Civ. A. No. 15-3597, 2016 U.S. Dist. LEXIS

160377, at *9 (D.N.J. Nov. 18, 2016)). Plaintiff argues default judgment against IDC "for failure or refusal to refer for employment under 42 U.S.C. §§ 2000e-2(b)" (a provision of Title VII related to employment agencies) would not be inconsistent with finding TCS was not liable "for failure to hire under Title VII and/or Section 1981" because liability under that provision "depends solely on [IDC's] own action in failing or refusing to refer Plaintiff." (*Id.* at 2.) Similarly, Plaintiff contends default judgment against IDC under Title VII and Section 1981 would not be inconsistent with judgment in favor of TCS on those counts "under an indirect employment theory," which treats IDC as a "gatekeeper" that "prevent Plaintiff from accessing employment with TCS," regardless of TCS's own liability. (*Id.*)

Where a plaintiff moves for default judgment as to one defendant in a multi-defendant case, "the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against non-defaulting defendants: if plaintiff loses on merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants." *Animal Sci. Prods., Inc. v. China Nat. Metals & Mins. Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)); *Alpine Fresh, Inc. v. Jala Trucking Corp.*, 181 F. Supp. 3d 250, 258 (D.N.J. 2016); *W. Am. Ins. Co.*, 2012 U.S. Dist. LEXIS 144454 at *6–7 (denying default judgment motion where "non-defaulting [defendant] opposes the motion and remains as a defendant in this action," default judgment could result in inconsistent judgments, and plaintiff did not demonstrate "it would be prejudiced if entry of default judgment was denied at this time"); *accord Thabault v. Chait*, 541 F.3d 512, 531 (3d Cir. 2008). "To avoid potential absurdities that could result from inconsistent judgments, this practice is strictly applied where the liability is joint and several." *Alpine Fresh*, 181 F. Supp. 3d at 258 (citing *Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 154 (3d Cir.1986)); *Tama Tropical, Inc. v. Best Point Tropicals Corp.*,

Civ. A. No. 16-4968, 2017 U.S. Dist. LEXIS 55593, at *3 (D.N.J. Apr. 11, 2017) (denying default judgment because "the total damages sought from each Defendant are the same and the causes of action arise from the same set of common facts").

Here, Plaintiff alleges the same facts and causes of action against both TCS and IDC (frequently referred to collectively as "Defendants") (ECF No. 1 ¶¶ 13–50), seeks the same monetary and injunctive relief from both (*id.* Prayer for Relief), and puts forth an alternative theory of liability that TCS and IDC are "joint employers" for her Title VII cause of action (*id.* ¶ 35). *See, e.g.*, *Alpine Fresh*, 181 F. Supp. 3d at 258 (denying default judgment motion where both defendants, including non-defaulting one, were alleged to be jointly and severally liable). Nor does Plaintiff indicate she would be prejudiced if the Court delayed entering default judgment against IDC until resolution of TCS's liability. *See, e.g.*, *W. Am. Ins. Co.*, 2012 U.S. Dist. LEXIS 144454 at *6–7. To avoid the "risk of potentially inconsistent judgments based on identical allegations," the Court will not enter default judgment at this time. *Eteam, Inc v. Hilton Worldwide Holdings, Inc.*, Civ. A. No. 15-5057, 2016 WL 54676, at *3 (D.N.J. Jan. 5, 2016).

**THEREFORE**, and for good cause appearing,

**IT IS** on this 4th day of September 2025,

**ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 20) is **DENIED** without prejudice.


*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**